**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-01959 |
| | ) | |
| NABEEL D. ALDEIR, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | Hearing:  June 14, 2012 at 10:00 a.m. |

**NOTICE OF FIRST AND FINAL APPLICATION OF FREEBORN & PETERS LLP**
**AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE DAVID P. LEIBOWITZ**

To:      Service List

PLEASE TAKE NOTICE that on May 22, 2012, Freeborn & Peters LLP Freeborn & Peters LLP ("F&P") filed the First and Final Fee Application of Freeborn & Peters LLP for Compensation and Reimbursement of Fees and Expenses as Special Counsel to the Chapter 7 Trustee David P. Leibowitz (the "Final Fee Application") with the Clerk of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois 60604.  By the Application, F&P seeks the entry of an order: (a) allowing F&P $10,000 in compensation representing its retainer, for the period of October 9, 2008 through January 31, 2012 (the "Final Fee Application Period"), $25,000 in compensation representing 50% of all recoveries received by the bankruptcy estate in accordance with the Retention Application, plus $4,171.99 representing expenses incurred by F&P in its efforts on behalf of David P. Leibowitz, not individually, but solely as the chapter 7 trustee (the "Trustee") of the above-captioned debtor; and (b) authorizing the Trustee to pay F&P $39,171.99 in compensation for services rendered and expenses incurred by F&P.  A copy of the Application is available at the Court's CM/ECF website  (https://ecf.ilnb.uscourts.gov/) or upon request to the undersigned counsel to the Trustee.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Application will take place before the Honorable Carol A. Doyle of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in her place and stead, at 219 South Dearborn Street, Courtroom 742, Chicago, Illinois on June 14, 2012 at 10:00 a.m.

Objections, if any, to the relief requested in the Final Fee Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Final Fee Application.

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Application: Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn:  Neal H. Levin).

　　　　IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.


Dated:  May 22, 2012                                **FREEBORN & PETERS LLP**

                                                     By:   /s/ Neal H. Levin

                                                     Neal H. Levin (6203156)
                                                     FREEBORN & PETERS LLP
                                                     311 South Wacker Drive, Suite 3000
                                                     Chicago, Illinois  60606
                                                     Telephone: (312) 360-6000
                                                     Facsimile: (312) 360-6572

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-01959 |
| | ) | |
| NABEEL D. ALDEIR, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | Hearing:  June 14, 2012 at 10:00 a.m. |

**CERTIFICATE OF SERVICE**

I, Neal H. Levin, an attorney, certify that on May 22, 2012, I caused a true and correct copy of the foregoing *Notice* and *First and Final Application of Freeborn & Peters LLP for Compensation and Reimbursement of Fees and Expenses as Special Counsel to the Chapter 7 Trustee David P. Leibowitz*, to be filed with the Court and served upon the parties noted on the attached Service List by First Class Mail and/or electronically via the Court's electronic notification system, as indicated, on May 22, 2012.

By:   /s/ Neal H. Levin

**SERVICE LIST**

CM/ECF System Electronic Mail Notice List

Brian J Jackiw bjackiw@freebornpeters.com
David P Leibowitz, ESQ dleibowitz@lakelaw.com
Neal H Levin nhlevin@freebornpeters.com
Carole G. Ruzich carole@griffingallagher.com
Carrie Zuniga czuniga@lakelaw.com

U.S. Mail, First Class
Nabeel D. Aldeir
8921 Chestnut Drive
Tinley Park, IL 60477

Maurice J Salem
Salem Law Office
7156 W 127th Street, B-149
Palos Heights, IL 60463
708 277-4775
Fax : 708 448-4515
Email: salemlaw@comcast.net

Patrick S. Layng
Office of the United States Trustee,
Region 11
219 S. Dearborn
Room 873
Chicago, IL 60604

David P Leibowitz, Esq.
Leibowitz Law Center
420 Clayton Street
Waukegan, IL 60085-4232

2447248v2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-01959 |
| | ) | |
| NABEEL D. ALDEIR, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | Hearing: June 14, 2012 at 10:00 a.m. |

**COVER SHEET TO FIRST AND FINAL INTERIM APPLICATION OF**
**FREEBORN & PETERS LLP FOR COMPENSATION AND**
**REIMBURSEMENT OF FEES AND EXPENSES AS SPECIAL COUNSEL**
**TO THE CHAPTER 7 TRUSTEE DAVID P. LEBOWITZ**

Name of applicant:                                       Freeborn & Peters LLP

Authorized to provide professional services to:          David P. Lebowitz, Chapter 7 Trustee

Effective date of retention:                             October 9, 2008

Period for which compensation and
reimbursement of expenses is sought:                     October 9, 2008 to January 31, 2012

Total amount of compensation requested to be
allowed as actual, reasonable, and necessary:            $35,000

Total amount of expenses requested to be allowed
as actual, reasonable, and necessary:                    $4,171.99

This is an _____ interim  X  final application.

Dated:  May 22, 2012                                     **FREEBORN & PETERS LLP**

                                                         By:    /s/ Neal H. Levin

                                                         Neal H. Levin (6203156)
                                                         FREEBORN & PETERS LLP
                                                         311 South Wacker Drive, Suite 3000
                                                         Chicago, Illinois  60606
                                                         Telephone: (312) 360-6000
                                                         Facsimile: (312) 360-6573

2446715v2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-01959 |
| | ) | |
| NABEEL D. ALDEIR, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | Hearing: June 14, 2012 at 10:00 a.m. |

**FIRST AND FINAL APPLICATION OF FREEBORN & PETERS LLP**
**FOR COMPENSATION AND REIMBURSEMENT OF FEES AND EXPENSES AS**
**SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE DAVID P. LEIBOWITZ**

Freeborn & Peters LLP ("F&P"), appointed by the Chapter 7 Trustee, David P. Leibowitz

(the "Trustee") in the above-captioned bankruptcy case, hereby submits this *First and Final Fee*

*Application of Freeborn & Peters LLP for Compensation as Special Counsel to the Chapter 7*

*Trustee* (the "Final Fee Application" or "Fee Application"), for services rendered from October

9, 2008 through January 31, 2012 (the "Fee Application Period") and in support thereof, states as

follows:

**JURISDICTION, VENUE AND STATUTORY BASIS FOR RELIEF**

1.     The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a)

of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States

District Court of Illinois.  This is a core proceeding pursuant to section 157(b)(2) of title 28 of

the United States Code.  Venue is proper in this district pursuant to sections 1408 and 1409 of

title 28 of the United States Code.

2.     The statutory predicates for the relief requested herein are sections 330, 503(b),

and 507(a)(2) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "*Bankruptcy Rules*"), and Rule 5082-1 of the *Local Rules of the United States Bankruptcy Court for the Northern District of Illinois* (the "*Local Rules*").

## BACKGROUND

3.        On January 30, 2008, (the "Petition Date") Nabeel D. Aldeir (the "Debtor") filed his voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*").

4.        On August 13, 2008, the Debtor was granted a discharge.

5.        On October 9, 2008, this Court granted the *Trustee's Application to Employ Neal Levin, Esq. and Freeborn & Peters LLP* (the "Retention Application") as special counsel.  As set forth in the Application, F&P proposed to act as special counsel  for general retainer up to and including $10,000.00 plus a success fee of 50% of all recoveries received and to charge for its services at its usual and customary rates.  *See* Retention Application, at ¶ 6.   The Trustee tendered the Retainer to F&P in October 2008.

6.        On July 29, 2009, the Trustee filed an adversary complaint (the "Complaint") against the Debtor, Belal Byrouti ("Belal"), Issa Byrouti ("Issa") and Dima Ayyoub ("Dima") seeking to (a) recover assets fraudulently transferred by the Debtor, and (b) revoke the Debtor's discharge.  *See* Adversary Case No. 09 A 648.  The transferees – Belal, Issa, and Dima, are insiders with respect to these transfers. Belal is the brother-in-law of the Debtor; being the brother of the Debtor's wife. Issa is also the Debtor's brother-in-law. Dima is the daughter of Nabil Ayyoub ("Nabil"), who is one of the Debtor's business partners.  On September 14, 2011, judgment was entered, in part, for the Trustee; the Debtor's bankruptcy discharge was revoked.[1]

---

[1]        The Trustee's causes of actions against remaining defendants Belal, Issa and Dima were previously dismissed without prejudice by this Court pursuant to an order entered October 20, 2010.

7.    On September 28, 2010, the Trustee filed a *Motion to Approve Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019* ("Settlement Motion") seeking approval of a settlement agreement between the Trustee, Belal and Issa (the "Byrouti Settlement Agreement") , as well as a settlement agreement between the Trustee, Dima and Nabil ("Ayyoub Settlement Agreement"). The Byrouti Settlement Agreement provides, in part, that Belal and Issa would pay Trustee the sum of Forty-Five Thousand and no/100 Dollars ($45,000.00) (the "Byrouti Settlement Amount") in full, final and complete settlement of all matters in controversy between the Trustee and Belal and Issa. Under the terms of the Ayyoub Settlement Agreement, Dima and Nabil agreed to pay the Trustee the sum of Five Thousand and no/100 Dollars ($5,000.00) (the "Ayyoub Settlement Amount") in full, final and complete settlement of all matters in controversy between the Trustee and Dima and Nabil. An order granting the Settlement Motion was entered October 20, 2010.

8.    Pursuant to the terms of the Byrouti Settlement Agreement, the Trustee received payments totaling $45,000. These funds have been turned over to the Trustee.

9.    Pursuant to the terms of the Ayyoub Settlement Agreement, the Trustee received a payment in the amount of $5,000.

## RELIEF REQUESTED

By this Fee Application F&P seeks an order (1) allowing F&P $10,000 in compensation, previously paid, representing its retainer, for the period of October 9, 2008 through January 31, 2012 (the "Final Fee Application Period"), $25,000 in compensation representing 50% of all recoveries received by the bankruptcy estate in accordance with the Retention Application, plus $4,171.99 representing reimbursable expenses as a chapter 7 administrative expense of the estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; and (2) authorizing payment

3

to F&P of $39,171.99 representing amounts owed to F&P on account of the Final Fee

Application and pursuant to the terms of its retention.

## DISCUSSION

10.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services
rendered by the trustee, . . . attorney and by any paraprofessional person . . . and .
. . reimbursement for actual, necessary expenses. . . .  In determining the amount
of reasonable compensation to be awarded . . . the court shall consider the nature,
the extent, and the value of such services, taking into account all relevant factors,
including – (A) the time spent on such services; (B) the rates charged for such
services; (C) whether the services were necessary to the administration of, or
beneficial at the time at which the service was rendered toward the completion of,
a case under [the Bankruptcy Code]; (D) whether the services were performed
within a reasonable amount of time commensurate with the complexity,
importance, and nature of the problem, issue, or task addressed; (E) with respect
to a professional person, whether the person is board certified or otherwise has
demonstrated skill and experience in the bankruptcy field; and (F) whether the
compensation is reasonable, based on the customary compensation charged by
comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

11.     The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably"
expended, the hourly rate of each [professional], the calculation of the time value
of money (to account for delay in payment), potential increases and decreases to
account for risk and the results obtained, and a complex of other considerations
under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have

recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not
become enmeshed in meticulous analysis of every detailed facet of the
professional representation.  It is easy to speculate in retrospect that the work
could have been done in less time or with fewer attorneys or with an associate
rather than a partner.  On the other hand, it is also possible that [the client] would
not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

4

12.     In reviewing the Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price.  It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . .  Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

13.     In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of:  (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS).  *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

14.     In evaluating the Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases.  *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

15.     F&P's hourly rates of compensation for those attorneys and para-professionals during the Fee Application Period periods range from $115 to $580.  Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction.  F&P consistently and consciously made every reasonable effort to represent the Trustee in the most economical, efficient, and practical manner possible.

16.     Detailed schedules of services rendered and expenses incurred by F&P during the Fee Application Period are attached hereto and incorporated herein (the "Relevant Yearly Statement") as follows:

- Exhibit A: Fee Schedule of Services and Expenses Incurred, 2008;

- Exhibit B:  Fee Schedule of Services and Expenses Incurred, 2009;

- Exhibit C: Fee Schedule of Services and Expenses Incurred, 2010;

- Exhibit D: Fee Schedule of Services and Expenses Incurred, 2011; and

- Exhibit E: Fee Schedule of Services and Expenses Incurred, 2012.

17.     A summary of the compensation requested herein regarding each of F&P's professionals and para-professionals is set forth below:

**2008**

| Time Keeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Compensation Requested |
|---|---|---|---|---|---|
| Allen, Patricia O. | Paralegal | N/A | $195.00 | 1.4 | $273.00 |
| Bartlett, Alan | Special Litigation Assistant | N/A | $215.00 | 0.3 | $64.50 |
| Jackiw, Brian J. | Associate | 2008 | $250.00 | 8.3 | $2,075.00 |
| Jazwiec, Jenny L. | Paralegal | N/A | $115.00 | 0.2 | $23.00 |
| Kries, Renee C. | Paralegal | N/A | $138.00 | 1.0 | $138.00 |
| Levin, Neal H. | Partner | 1989 | $520.00 | 3.6 | $1,872.00 |
| **Total** | | | | **14.8** | **$4,445.50** |

6

**2009**

| Time Keeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Compensation Requested |
|---|---|---|---|---|---|
| Bartlett, Alan | Special Litigation Assistant | N/A | $230.00 | 8.4 | $1,932.00 |
| Cain-Lyle, Maurita V. | Paralegal | N/A | $210.00 | 10.6 | $2,226.00 |
| Jackiw, Brian J. | Associate | 2008 | $275.00 | 28.5 | $7,837.50 |
| Levin, Neal H. | Partner | 1989 | $550.00 | 20.1 | $11,055.00 |
| **Total** | | | | **67.6** | **$23,050.50** |

**2010**

| Time Keeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Compensation Requested |
|---|---|---|---|---|---|
| Bartlett, Alan | Special Litigation Assistant | N/A | $235.00 | 0.3 | $70.50 |
| Brandess, Michael A. | Associate | 2009 | $143.75 | 70.9 | $15,228.15 |
| Jackiw, Brian J. | Associate | 2008 | $275.00 | 2.1 | $598.50 |
| Levin, Neal H. | Partner | 1989 | $565.00 | 38.7 | $21,865.50 |
| Morris, Wendy E. | Associate | 2003 | $325.00 | 4.2 | $1,365.00 |
| Sheldon, Kathryn C. | Paralegal | N/A | $215.00 | 6.7 | $1,440.50 |
| **Total** | | | | **122.9** | **$40,568.15** |

**2011**

| Time Keeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Compensation Requested |
|---|---|---|---|---|---|
| Brandess, Michael A. | Associate | 2009 | $250.00 | 78.1 | $20,610.00 |
| Fogel, Joseph | Partner | 1986 | $580.00 | 1.3 | $754.00 |
| Levin, Neal H. | Partner | 1989 | $575.00 | 29.7 | $17,077.50 |
| Morris, Wendy E. | Associate | 2003 | $325.00 | 23.5 | $7,755.00 |
| Sheldon, Kathryn C. | Paralegal | N/A | $220.00 | 8.1 | $1,782.00 |
| **Total** | | | | **140.7** | **$47,978.50** |

**2012**

| Time Keeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Compensation Requested |
|---|---|---|---|---|---|
| Morris, Wendy E. | Associate | 2003 | $325.00 | 5.4 | $1,890.00 |
| Sheldon, Kathryn C. | Paralegal | N/A | $220.00 | 0.3 | $75.00 |
| **Total** | | | | **5.7** | **$1,965.00** |

7

18.     No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with this chapter 7 case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules.  As of the date of this Final Fee Application, the only compensation received by F&P on account of services rendered and expenses incurred with respect to the representation of the Trustee during the Fee Application Period is the Retainer.

19.     F&P reserves the right to correct, amend, or supplement this Final Fee Application, including, without limitation, to seek payment in the event this Final Fee Application is not approved in full.

## SERVICES PERFORMED

20.     Generally, this matter was plagued by a wealth of extraordinary issues, including discovery abuses, revocation proceedings, stonewalling, judgment enforcement proceedings, the Debtor's adversary proceeding and a variety of other misconduct by the Debtor.  Accordingly, fees for otherwise routine matters are reasonably higher in these instances.

21.     Following is further detail of the work performed by F&P associated with the Complaint for the time spent during the Final Fee Application Period:

      a)     Conducted due diligence concerning the Debtor's, and affiliated individuals, assets and cash positions prior to initiation the Complaint, including determining the status of multiple businesses and the status of certain of the Debtor's bank accounts;

      b)     Analyzed and litigated cause of action seeking revocation of Debtor's discharge;

8

c)    Corresponded with opposing counsel on matters related to settlement agreements, discovery and allegations in Complaint;

d)    Reviewed incoming pleadings, correspondence, and related notices;

e)    Prepared for and attended Court hearings related to Complaint and issues raised therein;

f)    Negotiated settlements with three of the named defendants, Issa, Belal and Dima, as well as Nabil;

g)    Drafted and presented motions for summary judgment related to the Trustee's discovery efforts; and

h)    Prepared for and conducted trial on Complaint.

## REASONABLE EXPENSES INCURRED

22.    Detailed itemizations of all expenses incurred are incorporated in the attached statements.  Expenses were incurred in the following general categories:

(a)    Air Express Delivery:  F&P incurred air express delivery charges in the amount of $57.56.  In all of its bankruptcy and non-bankruptcy cases, F&P uses commercial air express, overnight shipping, and delivery services.  These expenses are necessary because numerous parties, entities, and their counsel are located outside of Chicago and are entitled to receive prompt notice of pleadings and prompt and secure delivery of important documents. F&P incurred actual out-of-pocket expenses in connection with such overnight deliveries, all of which were necessary for the proper representation of the Trustee.  F&P makes no profit on these expenses.

(b)    Witness Fees and Mileage Fees: F&P incurred expenses in the amount of $180.50 representing fees paid for witness fees and mileage fees associated with litigating the Complaint.

(c)      Service of Subpoenas: F&P incurred expenses in the amount of $694.50 representing fees paid for to serve subpoenas related to the Complaint in accordance with the Bankruptcy Rules and Federal Rules of Civil Procedure.

(d)      Court Reporters and Transcript Fees:   F&P incurred expenses in the amount of $1,894.23, representing fees paid for court reporters and transcript fees.

(e)      Local Messenger Expenses:   F&P incurred expenses in the amount of $321.65 in connection with necessary local messenger and travel expenses.   Local messenger services were necessary to provide large pleadings, motions, and other documents to parties in a timely manner.   F&P incurred local travel expenses in connection with attending various meetings and court hearings, and for individuals who worked outside of business hours to meet deadlines.   F&P incurred actual out-of-pocket expenses in relation to such local travel and messenger deliveries, all of which were necessary for the proper representation of the Trustee in this bankruptcy proceeding.   F&P uses outside messenger services and makes no profit on these expenses.

(f)      Photocopying:   F&P incurred copying and printing charges in the amount of $1,095.20.   The documents copied and labeled included correspondence, pleadings, research, briefs, memoranda, and similar materials relating to this bankruptcy case.   The costs charged for F&P's in-house duplication service is 20¢ per copy.   F&P maintains a record of in-house copies made through a computerized system.   This procedure requires an operator to key in a client's code number on a keypad attached to the copier.   Such copying charges were necessary to the proper representation of the Trustee in this bankruptcy proceeding.

23.     All expenses incurred by F&P in connection with its representation of the Trustee were ordinary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as F&P bills non-bankruptcy clients.

24.     F&P does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions. Instead, such expenses are factored into F&P's hourly rates. F&P has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

25.     Accordingly, F&P incurred expenses in the aggregate amount of $4,171.99, as evidenced by the Final Fee Application, the Relevant Yearly Statements.

## BENEFIT TO THE ESTATE

26.     F&P was retained by the Trustee for the limited purpose – though a massive one at that – of investigating the fraudulent dissipation of the Debtor's assets, and conducting on the Trustee's behalf any subsequent litigation involving the protection and recovery of those assets for the bankruptcy estate. Additionally, as it became apparent that the Debtor had committed deceptive practices both and subsequent to his Petition, F&P was then tasked with seeking a revocation of the Debtor's discharge order.

27.     To that end, F&P has been tireless in its efforts to investigate the disappearance of the Debtor's interests in assets that generated approximately one million dollars in revenue the year prior to the Debtor's filing for bankruptcy protection. Soon after being retained, F&P conducted examinations which have brought light before the Court of the Debtor's egregious abuse of the bankruptcy system, including proving the Debtor had transferred substantial

11

interests in various businesses he owned both to individuals related to the Debtor by marriage

and to an individual related to one of the Debtor's business partners (collectively, the "Insiders")

for *de minimis* consideration.

28.     F&P filed a verified adversary complaint on behalf of the Trustee against the

Debtor and the Insiders alleging fraudulent transfers under the Illinois Uniform Fraudulent

Transfer Act against each of the three Insider-transferees, and additionally seeking a revocation

of the Debtor's discharge under section 727 of the United States Bankruptcy Code (the

"Bankruptcy Code").

29.     F&P continued its investigation by mining every relevant avenue of information

through the discovery process.  These efforts have born fruit.  F&P deposed each of the named

Defendants and successfully uncovered evidence of fraudulent transfers, material misstatements

between the Defendants pertaining to the Debtor's estate, and funds the Debtor willfully omitted

from his bankruptcy schedules filed with the Court.

30.     The production of evidence F&P received supported the Complaint's allegations

that the Insiders gave little to no consideration in exchange for substantial interests in the

Debtor's businesses.  During their respective depositions, three of the Defendants, including the

Debtor, confirmed that the Debtor had transferred these interests to prevent a creditor, his former

wife, from obtaining assets properly belonging to his estate.

31.     In light of F&P's findings, F&P entered into settlement negotiations with three of

the named defendants, Issa, Belal and Dima, as well as Nabil.  The negotiations were productive,

and F&P successfully recaptured significant value for the estate.  Additionally, Issa and Belal

had agreed to a final, non-appealable judgment entered in the Adversary Proceeding in favor of

the Trustee and against them in the amount of one hundred thousand dollars (U.S. $100,000.00),

payable to the Trustee in the event of a default as defined in the Byrouti Settlement Agreement.

32.     The efforts relative to prosecuting the 727 claim against the Debtor were not as

productive.  Several attorneys represented the Debtor, and the Debtor even appeared at times *pro*

*se*, throughout these proceedings and undue delay was occasioned by all.  Discovery and pre-trial

procedures were frustrated and the matter proceeded to a multi day trial.

33.     In the end, however, in light of the significant effort expended by F&P, the

Trustee prevailed and the Debtor's discharge was revoked.

## NOTICE

34.     Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of this Interim

Fee Application has been provided to: (a) the Debtor and his counsel; (b) the Office of the

United States Trustee; (c) all parties who have filed a request to receive notice pursuant to

Bankruptcy Rule 2002.

WHEREFORE, F&P respectfully requests that the Court enter an order:

(a)     allowing F&P $10,000 in compensation representing its retainer in accordance

with the Retention Application as a chapter 7 administrative expense of the estate pursuant to

sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b)     allowing F&P $25,000 representing compensation in accordance with the

Retention Application as a chapter 7 administrative expense of the estate pursuant to sections

503(b) and 507(a)(1) of the Bankruptcy Code;

(c)     allowing F&P $4,171.99 representing reimbursable expenses as a chapter 7

administrative expense of the estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy

Code;

13

(d)      allowing payment of all or a portion of these amounts commensurate with the

funds available for distribution to all administrative claimants with approved claims; and

(e)      granting such other and further relief as the Court deems just and proper.


Dated:  May 22, 2012                                      **FREEBORN & PETERS LLP**


                                                          By:     /s/ Neal H. Levin

                                                          Neal H. Levin (6203156)
                                                          FREEBORN & PETERS LLP
                                                          311 South Wacker Drive, Suite 3000
                                                          Chicago, Illinois  60606
                                                          Telephone: (312) 360-6000
                                                          Facsimile: (312) 360-6572

2447108v3/26538-0001